[Civ. No. 20440.   First Dist., Div. Three.   May 7, 1963.]

JOHN J. MARTINEZ, Plaintiff and Appellant, v. THOMAS CAHILL et al., Defendants and Respondents.

Darwin, Rosenthal & Leff and Irwin Leff for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney and Bernard J. Ward, Deputy City Attorney, for Defendants and Respondents.

DRAPER, P. J.—Asserting that he was beaten by a cellmate in jail, plaintiff seeks damages for serious injuries allegedly suffered. Joined as defendants with the fellow prisoner are a number of officials of the City and County of San Francisco. Demurrers of defendants Christopher and Cahill, the mayor and deputy chief of police, were sustained without leave to amend. Judgment followed, and plaintiff appeals.

It is alleged that: defendant mayor and deputy chief had the power to "appoint, discipline and remove" policemen; those in charge of the jail were incompetent "to provide protection to persons in their custody"; defendant officers knew or should have known of this incompetency; they nevertheless failed to suspend or remove the jailers; and plaintiff's injuries were proximately caused by the fact that the alleged incompetents remained on duty at the time of plaintiff's injury. He also alleges that the "system and procedure of incarceration was negligent and dangerous" to inmates.

Plaintiff cannot state a cause of action against the mayor or the deputy chief merely for the negligent act or omissions of city employees serving under such officer (Gov. Code, § 1953.6). Rather, the liability of such officer must be found in his personal fault. Here there is no suggestion that the mayor or the deputy chief personally participated in or in any way encouraged the acts complained of. Plaintiff contends only that the demurring officers were personally at fault because they knew the jailers to be incompetent and,

having the power to remove or suspend them, nonetheless failed to exercise that power (*Fernelius* v. *Pierce*, 22 Cal.2d 226 [138 P.2d 12]).

The mayor, however, cannot be held on this theory. The Charter of the City and County of San Francisco (Stats. 1931, ch. 56, p. 2973 et seq.), grants the power of removal or suspension only to the police commission (§ 155). Although the commission members are appointed by the mayor, they serve for four-year terms (§ 35). Thus the mayor does not have the power to remove or suspend which was the basis for holding the city manager liable in *Fernelius*. The power of appointment of police officers is vested in the chief of police (§§ 35.1, 20, 148).

█ The charter (§ 22) prohibits direct dealings by the mayor with individual policemen, thus eliminating any claim that he is personally responsible for "the system and procedure of incarceration." There remains no ground for holding the mayor personally liable, and the demurrer was properly sustained as to him.

█ Defendant Cahill is sought to be held only for his acts as deputy chief of police. It is not alleged that he was acting as chief in the absence or disability of that officer. Even the chief of police did not have the power to dismiss, nor until a 1962 amendment, the power to suspend policemen. Those powers, at the time here in issue, were vested solely in the police commission. The power of appointment is given to the chief, and not to his deputy.

The complaint does, however, include somewhat vague allegations that the deputy chief had authority to assign policemen to duty as jailers and to transfer them from such duty. The charter provisions indicate that such power is vested in the commission or the chief. Plaintiff's argument that such authority may have been delegated to the deputy chief is unavailing in the absence of any allegation that such delegation in fact was made. It follows that the demurrer of defendant Cahill was properly sustained.

But it is conceivable, however unlikely, that plaintiff may amend to allege accurately that some such authority was vested in the deputy chief by the regulations of the commission or by an authorized order of the chief. This complaint, for all the time elapsed since its filing, is plaintiff's first pleading. We conclude that he should have been granted leave to amend (2 Witkin, Cal. Procedure, § 505 (c), p. 1497).

The judgment as to defendant Christopher is affirmed. That

as to defendant Cahill is reversed, and the trial court is directed to grant plaintiff leave to amend his complaint as to that defendant.

Salsman, J., and Devine, J., concurred.