Mrs. Fred J. Mascari, Executrix, Petitioner,

*v.*

Joe Raines, Respondent.

415 S.W.2d 874.

(*Jackson,* April Term, 1967.)

Opinion filed May 22, 1967.

JOHN B. MAXWELL, JR., of counsel, APPERSON, CRUMP, DUZANE & MAXWELL, Memphis, for petitioner.

ANTHONY J. SABELLA, Memphis, for respondent.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Petitioner, Mrs. Fred J. Mascari, Executrix of the estate of her deceased husband, brought this suit in the General Sessions Court of Shelby County against the respondent, Joe Raines, for balance due on a promissory note in the face amount of $1,896.00, plus interest and Attorney's fees provided in the note. Profert was made of the note. Raines filed a sworn plea to the warrant

in which he averred the consideration for the note was illegal in that the note extended credit by a wholesale beer dealer to a customer which is expressly prohibited by T.C.A. Section 57-310.

The General Sessions judge sustained the plea and dismissed the suit. Petitioner appealed to the Circuit Court. The matter was heard before the Circuit Judge on oral testimony without the intervention of a jury. The trial judge reversed the Court of General Sessions and entered judgment in the Circuit Court for $1,745.62, the balance due on the note, plus Attorney's fees of $349.12, a total of $2,094.74. The judgment provided in part, as follows:

"From all of which the court finds that there was a violation of T.C.A. 57-310 both by the defendant and the original holder of the promissory note in question, that the defendant was required to violate the said statute in order to secure his employment, that the consideration for the making of the promissory note was an illegal consideration and that the contract was in violation of the law. The court is further of the opinion that the legislative intent of T.C.A. 57-310 is 'to effectively collect the tax levied,' and not to make void or unenforceable any obligations made in violation thereof. It is, therefore, the opinion of the court that the promissory note in question is a legal contract and enforceable as such."

Respondent, Raines, appealed to the Court of Appeals. No bill of exceptions was preserved and filed in the Court of Appeals. That Court considered the matter solely on the technical record.

Respondent insisted in the Court of Appeals the trial court erred in awarding petitioner a judgment after finding the consideration for the execution of the note was illegal and in violation of T.C.A. Section 57-310.

That court sustained the insistence of respondent and reversed the trial court and dismissed the suit.

The Court of Appeals found, in the absence of a bill of exceptions, the finding of the trial judge which we have hereinabove quoted was conclusive on that Court since there was a conclusive presumption there was evidence before the trial court to justify such findings of fact. *McFadden v. Blair,* 42 Tenn.App. 434, 304 S.W.2d 93 (1956).

The Court of Appeals then found the following general rule to be applicable to the facts as found by the trial judge:

"The well established general rule is that an agreement which violates a provision of the federal or a state constitution, or of a constitutional statute, or which cannot be performed without violating such a provision, is illegal and void." 17 Am.Jur.(2d), Contracts, Section 165, page 521.

The Court of Appeals, also, relied on the case of *Arlington Hotel Company v. Ewing,* 124 Tenn. 536, 138 S.W. 954, 38 L.R.A., N.S., 842 (1911). In that case the agreement between the plaintiff and the defendant was that the plaintiff, an Attorney, would attempt by litigation to suspend or render nugatory a criminal law of the State prohibiting the sale of intoxicating liquor for which he would be paid a fee. The contract was held illegal and void. The Court said:

"We do not see how anyone for a moment could conceive that a contract of this kind could be enforceable in a court. It is a contract to suspend, and thereby render nugatory, a criminal law of the state. Such a contract is necessarily void, as are all contracts made with a view to the violation of a statute."

The Court of Appeals further found the provisions of T.C.A. Section 57-310 that "any maneuver, device or method of extending credit is expressly prohibited," was conclusive on petitioner in the instant case.

We granted certiorari and the cause has been argued before the Bar of this Court.

We are of the opinion the Court of Appeals reached the proper conclusion by reversing the trial court and dismissing the suit.

Petitioner assigns as error in this Court the following:

"The Court of Appeals erred in granting respondent's assignment of error and reversing the trial court, since the promissory note is not unenforceable because of the trial court's findings of fact."

In support of the assignment it is argued the mere fact that if a statute is violated in executing a note does not make the note unenforceable unless such was the intent of the legislature in enacting the statute.

In the case of *Biggs v. Reliance Life Insurance Company,* 137 Tenn. 598, 195 S.W. 174 (1917), this Court said:

"The general rule, broadly stated, is that a contract explicitly prohibited by statute is void, and that a prohibition may be implied from the fact that a penalty is prescribed. But the rule is not an inflexible one, and

mere imposition of a penalty does not of necessity, or in all circumstances, mean that a contract in contravention of the statute is so far void as to be unenforceable by any one a party to it.''

In arriving at the effect of the statute, the courts will look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment; and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold and will construe the statute accordingly. 17 C.J.S. Contracts sec. 202, page 1007; *Biggs v. Reliance Life Insurance Company,* supra; *Tenn.-Hermitage Nat. Bk. v. Bruce,* 9 Tenn.App. 321 (1929).

The statute with which we are concerned was enacted by Chapter 76 of the Public Acts of 1953 and codified as T.C.A. Sections 57-310 through 57-319, inclusive. The Act is known as the ''Wholesale Beer Tax Act.''

The caption of the Act provides:

''An Act levying a tax for the benefit of counties and municipalities on the sale of beer, ale and other malt beverages at wholesale, fixing the maximum amount of such tax; providing for the collection and distribution thereof; providing for the promulgation of rules and regulations; providing for administration and enforcement; creating an advisory board; regulating and prohibiting certain trade practices; providing penalties; and repealing Chapter 37, Public Acts 1951, being an Act to enable counties and municipalities to levy a retail tax on beer.''

Section 10, codified as T.C.A. Section 57-310, provides:

"In order to effectively collect the tax levied by this chapter all sales of beer by wholesalers to retailers or any other persons, except sales to duly licensed wholesalers and sales within military installations as set out in sec. 57-313, shall be for cash only. The intent of this provision is that wholesale sale of beer and delivery and payment therefor shall be a simultaneous transaction, and any maneuver, device or method of extending credit is expressly prohibited."

Section 16, codified as T.C.A. Section 57-316, provides:

"Any person convicted of violating any provision of this chapter shall be subject to a fine of not over five hundred dollars ($500) or to imprisonment for not more than one (1) year, or to both such fine and imprisonment."

By the clear and unambiguous terms of the Act, wholesalers of beer are prohibited from extending credit in the sale of beer to retailers or any other persons not excepted; and if he does so, his act is in violation of law for which he may be fined or imprisoned or both.

■ Thus, it was clearly the intent of the legislature in passing the Act not only "to effectively collect the tax levied" but also to regulate and prohibit certain trade practices, such as the wholesale sale of beer on credit to retailers or any other persons not excepted by the Act.

The prohibition is distinct and absolute. We cannot construe the Act otherwise.

■ We are, as was the Court of Appeals, bound by the findings of the trial judge that both the deceased and the respondent violated T.C.A. Section 57-310; that the respondent was required to violate Section 57-310 in or-

der to secure his employment; and that the consideration for the making of the note was an illegal consideration and the contract was in violation of T.C.A. Section 57-310.

■ ■ We are not bound by the holding of the trial judge that the legislative intent of T.C.A. Section 57-310 is to effectively collect the tax levied and not to make void or unforceable an obligation made in violation thereof. This is a question of law applicable to the facts found by the trial judge.

"When contracts are prohibited by statute, the prohibition is sometimes expressed, and at others implied. Whenever the law imposes a penalty for making a contract, it impliedly forbids parties from making such a contract; and when a contract is prohibited, whether expressly or by implication, it is illegal, and cannot be enforced. Of this there is no doubt." *Perkins v. Watson, Trustee,* 61 Tenn. 173 (1872); *Stevenson v. Ewing,* 87 Tenn. 46, 9 S.W. 230 (1888)

In 11 Am.Jur.(2d), Bills and Notes, Section 255, page 282, it is said:

"Like other contracts, bills and notes fall under the condemnation of agreements which are founded upon an illegal consideration or grow out of an illegal transaction, that is, a transaction which violates a constitutional provision or statutory or common law, public policy, or good morals."

Accordingly, we think the Executrix of the Estate of the deceased cannot enforce the collection of the note in the courts of this State. The judgment of the Court of Appeals is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.