**Fronzella ESKRIDGE, Appellant,**

v.

**Delbert C. JACKSON et al., Appellees.**

**No. 12593.**

District of Columbia Court of Appeals.

Argued June 6, 1978.

Decided May 7, 1979.

Rehearing Denied June 26, 1979.

---

Janet LaBella, Washington, D.C., with whom DaCosta V. Mason, Washington, D.C., was on the brief, for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, Washington, D.C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before GALLAGHER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant sought damages, in his first amended complaint,[1] from four officials of the District of Columbia Department of

---

1. Appellant's first complaint was dismissed for failure to state a claim with leave to file an amended complaint. The first amended complaint stated additional grounds for relief.

Corrections for allegedly negligent failure to protect him from an assault by inmates at the Lorton correctional facility. Appellant challenges the trial court's denial of his motion under Super.Ct.Civ.R. 15 and 21 to file a second amended complaint adding the District of Columbia and Mayor Washington as defendants. Finding no abuse of discretion by the trial court, we affirm.

The trial court's refusal to permit amendment was based (1) as to the District of Columbia, on noncompliance with D.C. Code 1973, § 12–309, requiring that written notice of unliquidated claims against the District be given within six months after the injury is sustained and (2) as to Mayor Washington, on the doctrine of executive immunity and on appellant's failure to make allegations with regard to specific conduct of the Mayor.

■ Under Superior Court Civil Rule 15(a), appellant's second amended complaint could be filed only by leave of court or consent of the adverse party.[2] The rule further provides that leave to amend shall be freely given when justice so requires. Although broad latitude is permitted by Rule 15(a), granting of leave to amend is a matter within the discretion of the trial judge; only an abuse of that discretion is reviewable on appeal. *See, e. g., Keith v. Washington*, D.C.App., 401 A.2d 468 (1979); *Fields v. Hunter*, D.C.App., 368 A.2d 1156

(1977); *Saddler v. Safeway Stores, Inc.*, D.C.App., 227 A.2d 394 (1967). Similarly, denial of a motion to add a party under Rule 21 lies in the discretion of the judge. *See* Wright & Miller, Federal Practice and Procedure: Civil § 1688, at 342 (1972).

The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), delineated several reasons that would warrant a trial court's refusal to allow amendment of the complaint, including futility of amendment.[3] If, as the trial court found, appellant could not maintain an action against either the District or Mayor Washington, it would be an unnecessary formality to grant leave to amend and then require the opponent to move to dismiss. *See* 3 Moore, Federal Practice ¶ 15.08[4] (2d ed. 1978).

■ Appellant's right to relief against the District, and, consequently, the propriety of the trial court action, depends upon whether the District received prior notice of the suit as required by D.C. Code 1973, § 12–309.[4] Appellant does not assert that the requisite written notice was sent to the Mayor or Corporation Counsel within the prescribed period. Rather, he contends that an FBI report of the assault incident should be deemed sufficient notice of the claim, as an equivalent of the Metropolitan Police Department report permitted as an exception under the statute.[5]

---

2. Super.Ct.Civ.R. 15(a) provides:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 \* \* \* \* \* \*

3. The other reasons set forth by the Court were "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." [371 U.S. at 182, 83 S.Ct. at 230.]

4. D.C. Code 1973, § 12–309, states that:
 An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia [the Mayor] of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

5. Additionally, appellant urges that service of the first complaint upon the four original defendants about seven months after the injury, coupled with the Superior Court Clerk's delay in processing appellant's motion to proceed in forma pauperis, should constitute substantial compliance with the notice provision. We find this contention without merit, since the time

■ The statutory exception for police reports was included by Congress to "take[ ] care of those instances in which actual notice is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured." H.R. Rep. No. 2010, 72d Cong., 2d Sess. 1–2 (1933), quoted in *Pitts v. District of Columbia*, D.C.App., 391 A.2d 803, 806 n.4 (1978); *see also Miller v. Spencer*, D.C.App., 330 A.2d 250, 252 (1974); *Stone v. District of Columbia*, 99 U.S.App. D.C. 32, 237 F.2d 28, 30, *cert. denied*, 352 U.S. 934 (1956). Thus, the sufficiency of a police report depends not on any innate reliability but, rather, on whether it sets forth the substance of the information which would have been required in a written notice of claim. *Miller v. Spencer, supra*. Appellant, however, has not shown that the Corporation Counsel had actual notice of FBI reports. Rather he contends that the unavailability of a police department report, since Lorton is outside the District of Columbia police jurisdiction, means that the FBI report must be accepted as a substitute.[6] Given the clear statutory language and appellant's failure to allege actual receipt of FBI reports of the incident by District officials, the trial court properly refused leave to amend.

period prescribed by the statute is mandatory. *See, e. g., Pitts v. District of Columbia*, D.C. App., 391 A.2d 803, 807 (1978); *Hill v. District of Columbia*, D.C.App., 345 A.2d 867 (1975). In *Hirshfeld v. District of Columbia*, 103 U.S. App.D.C. 71, 73, 254 F.2d 774, 776 (1958), the District Court was willing to find substantial compliance with the statute where notice though improperly addressed was received by the proper office *within the statutory period*.

Even assuming that a complaint supplies the requisite information, there is no showing that it reached the proper authority. The Corrections Department officials named in the original complaint were not served within the statutory period. Further, receipt of a complaint by the Clerk's office does not constitute notice to the Mayor or Corporation Counsel.

6. Since Congress clearly had a rational basis for allowing police department reports to serve as notice, we find without merit plaintiff's contention that the exception for police but not FBI reports denies Lorton inmates equal protection. *See, e. g., Wilson v. District of Columbia*, D.C.App., 338 A.2d 437 (1975).

■ Nor did the trial court's denial of leave to add Mayor Washington as a party constitute an abuse of discretion. As drafted, appellant's second amended complaint sought to hold Mayor Washington liable solely in his official capacity, and thus is legally insufficient.[7] The complaint is devoid of any factual indication that Mayor Washington was connected in any way with the event giving rise to the law suit.[8] *See, e. g., Baker v. Washington*, 145 U.S.App. D.C. 277, 278 n.2, 488 F.2d 1200, 1201 n.2 (1971); *Carter v. Carlson*, 144 U.S.App.D.C. 388, 391 94, 447 F.2d 358, 361–64 (1971). It is generally recognized, however, that the doctrine of respondeat superior has no application as between a public officer and his subordinates, unless the officer directs or countenances the tortious act. *See, e. g.,* 4 McQuillin, Municipal Corporations § 12.226 (3d ed. 1968); *Martinez v. Cahill*, 215 Cal. App.2d 823, 30 Cal.Rptr. 566 (1963) (plaintiff beaten by cell mates did not state a cause of action against the mayor merely for the negligent acts or omissions of city employees where no suggestion that mayor personally participated in or encouraged the acts).

*Affirmed.*

7. Appellant did not sue Mayor Washington in his individual capacity. Generally, a plaintiff can bring two types of tort actions against public officers: (1) he can sue them in their private and individual capacity; (2) he can sue them in their official capacity as municipal officers. *See generally* 4 McQuillin, Municipal Corporations § 12.211 (3d ed. 1968). It was early stated in this jurisdiction that a pleader seeking to state a cause of action against an officer personally must allege that he transcended his authority and was acting beyond the scope of official duty. *Cooper v. O'Connor*, 71 App.D.C. 6, 9, 107 F.2d 207, 210, *cert. denied*, 308 U.S. 615, 60 S.Ct. 263, 84 L.Ed. 514 (1939). Public officers cannot be held liable for allegedly tortious acts where they are sued in their official capacities and the acts alleged could have been done only within the scope of their official duties. Municipal Corporations, *supra*, § 12.211, at 151.

8. Appellant's second amended complaint alleges only that "[a]s Mayor, he had supervisory authority and control over the defendant District of Columbia and all employees of the District of Columbia."