MARIKA PETRA VICKERS,                  )
                                       )
          Plaintiff/Appellant,         )
                                       )          Montgomery Chancery
                                       )          No.  93-74-155
VS.                                    )
                                       )          Appeal No.
                                       )          01-A-01-9507-CH-00281
NICHOLAS SCINTA,                       )
                                       )
          Defendant/Appellee.          )

FILED

Nov. 9, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE


HONORABLE ALEX W. DARNELL, CHANCELLOR


Steven C. Girsky
DANIEL, HARVILL, BATSON & NOLAN
121 South Third Street
Clarksville, Tennessee  37040
ATTORNEY FOR PLAINTIFF/APPELLANT


COUNSEL FOR DEFENDANT/APPELLEE
GRANTED LEAVE TO WITHDRAW BY
ORDER OF 10/18/95.


MODIFIED AND REMANDED

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

MARIKA PETRA VICKERS,    )
        )
    Plaintiff/Appellant,    )
        )    Montgomery Chancery
        )    No. 93-74-155
VS.        )
        )    Appeal No.
        )    01-A-01-9507-CH-00281
NICHOLAS SCINTA,    )
        )
    Defendant/Appellee.    )

O P I N I O N

This is a suit to register and enforce a foreign divorce decree. The only issue on appeal is the proper amount of the judgment for delinquent child support.

On May 20, 1986, the parties were divorced by decree of the District Family Court of Charlottenberg, Berlin, Germany. Two children were committed to the mother (the petitioner herein), and the respondent herein was ordered to pay $300.00 per month child support.

On December 9, 1993, the present petition for enrollment and enforcement of the decree was filed in the captioned Trial Court.

The respondent answered on January 25, 1994, admitting the above facts, but denying liability for child support because of an alleged April 5, 1989 offer of plaintiff to waive further child support in exchange for consent of respondent for adoption of the children and the alleged signing of such consent on July 17, 1989. The response admitted that no adoption took place until August 10, 1993.

The child support which accrued from April 5, 1989, until August 10, 1993, ($15,600) is the subject of this dispute. The existence of a $10,000 delinquency prior to April 5, 1993, is not disputed.

Petitioner asserts that, in November or December 1989, she learned that a waiver of child support in consideration of consent for adoption was invalid as against public policy; that the consent was never utilized and adoption was ultimately obtained without consent.

In October, 1992, respondent learned that the adoption had not taken place and agreed to pay the undisputed $10,000 and to begin paying the support which accrued after July, 1989, but no payment was made as promised.

No testimony was heard by the Trial Judge except that of petitioner, whose version of the facts is undisputed.

On March 3, 1995, the Trial Court entered judgment for $10,000 arrears child support, and petitioner appealed, insisting that the judgment should be in the amount of $25,200.

Respondent has not filed a brief in this Court.

T.C.A. Section 36-5-229 provides for registration and enforcement of foreign support orders. Subsection (5) states that a foreign support order as confirmed shall have the same effect and may be enforced as if originally entered in the Tennessee Court.

T.C.A. Section 36-5-101(5) provides in pertinent part as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

It is clear that Tennessee Courts have no power to forgive child support which was payable prior to the application for forgiveness. No application was made for forgiveness

prior to the accrual of the subject child support. The adoption on August 10, 1993, terminated the obligation of further child support. The only application for relief in this record is the answer of respondent filed on January 25, 1994, long after the adoption and cessation of child support accrual.

The Trial Court was without jurisdiction to reduce the child support which accrued prior to January 25, 1994.

Respondent in his answer relies upon a promise of petitioner to waive part of the delinquency in consideration of his agreement to an adoption.

It is generally held that the right of support lies in a minor child whose rights may not be waived. If, however, it be argued that the petitioner could waive her right to recover delinquent child support, such a waiver would be invalid and unenforceable in the present case because it was based upon an illegal consideration.

T.C.A. Section 36-1-135 declares that with stated exceptions, it is a Class C felony for any person to charge or receive any compensation for rendering any service in connection with placement of a child for adoption or to sell or surrender a child to another. It is clear that the promise, giving or receipt of any compensation for the consent of a parent to an adoption is contrary to the public policy of this state. Therefore, a contract to waive delinquent child support in exchange for consent to adoption is unenforceable in this state. *Mascari v. Raines,* 220 Tenn. 234, 415 S.W.2d 874 (1967); *Moak v. Continental Casualty Co.,* 4 Tenn. App. 287 (1927).

The judgment of the Trial Court is modified to increase its amount to $25,200.00. Costs of this appeal are taxed against the respondent-appellee. The cause is remanded to the Trial Court for entry of judgment in accordance herewith and for further proceedings.

Modified and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE