IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2019 Session

**STATE OF TENNESSEE v. NATHANIEL DAVID LABRECQUE**

**Appeal from the Criminal Court for Davidson County**
**No. 2017-B-1443      Amanda McClendon, Judge**

**No. M2018-01587-CCA-R3-CD**

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the trial court's restitution order must be reversed. I write separately, however, to address the State's indicting the Defendant for, and the Defendant's ultimately pleading guilty to, two counts of failure to yield the right of way resulting in serious bodily injury. I conclude that under plain error, the Defendant's dual convictions violate principles of double jeopardy.

The double jeopardy clauses of the United States and Tennessee Constitutions protect an accused from multiple punishments for the same offense in a single prosecution. See State v. Watkins, 362 S.W.3d 530, 541 (Tenn. 2012). Relevant to this case, "[u]nit-of-prosecution claims arise when defendants who have been convicted of multiple violations of the same statute assert that the multiple convictions are for the same offense." Id. at 543. To determine the unit of prosecution, our supreme court has explained as follows:

> [W]e first review the statutory language for an express definition. [State v. Hogg, 448 S.W.3d 877, 886 (Tenn. 2014)] (quoting [State v. Smith, 436 S.W.3d 751, 768 (Tenn. 2014)]). If the unit of prosecution is clear from the statute, we apply the plain language without reviewing the legislative history. Id. (citing State v. Pope, 427 S.W.3d 363, 368 (Tenn. 2013)); see Smith, 436 S.W.3d at 768 (citing State v. Mata, 321 P.3d 291, 295-96 (2014)). If the plain language of the statute does not identify the unit of prosecution, we determine the legislature's intent by considering the legislative history and examining the statute's subject matter, "the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment."

[State v. Lewis, 958 S.W.2d 736, 739 (Tenn. 1997)] (quoting Mascari v. Raines, 415 S.W.2d 874, 876 (1967) (internal quotation marks omitted)). If there is ambiguity in defining the unit of prosecution, the "rule of lenity" resolves the ambiguity in favor of the defendant. Id.; Watkins, 362 S.W.3d at 543 (citing Gore v. United States, 357 U.S. 386, 391 (1958)).

State v. Harbison, 539 S.W.3d 149, 168 (Tenn. 2018).

The State indicted the Defendant for one count of failure to yield the right of way resulting in serious bodily injury in which Ms. Conner was the named victim and one count of failure to yield the right of way resulting in serious bodily injury in which Mr. Conner was the named victim pursuant to Tennessee Code Annotated section 55-8-197. Tennessee Code Annotated section 55-8-197(a) provides that "[a]ny person who violates subdivisions (a)(1)-(6) and the violation results in an accident resulting in serious bodily injury to or death of any person shall be guilty of a misdemeanor." Subdivision (a)(3) specifies failing to yield the right of way pursuant to sections 55-8-128, 55-8-129, 55-8-130, or 55-8-131. Tenn. Code Ann. § 55-8-197(a)(3). Tennessee Code Annotated section 55-8-129, which is titled "Left turns; right of way," provides as follows:

> (a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but the driver, having so yielded and having given a signal when and as required by this chapter, may make the left turn, and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn.

The "act" of committing a traffic violation in Title 55, chapter 8 and chapter 10, parts 1 through 5, is a Class C misdemeanor. Tenn. Code Ann. § 55-8-103. Therefore, failure to yield the right of way usually is a Class C misdemeanor. Tennessee Code Annotated section 55-8-197 elevates the offense to a Class B misdemeanor, though, if the failure to yield the right of way results in an accident resulting in serious bodily injury to or death of any person. Tenn. Code Ann. § 55-8-197(a), (c).

I have not found any Tennessee cases addressing this issue. However, in Brian Patrick Hopson v. State, No. CR-17-1155, 2019 WL 1593191, at *1 (Ala. Crim. App. Apr. 12, 2019), the defendant was convicted of two counts of attempting to elude a law enforcement officer after the defendant's Volkswagen struck another vehicle, injuring that driver and her passenger. Like Tennessee's failure to yield statute, Alabama's statute for eluding a law enforcement officer enhanced the crime if death or injury resulted to third parties. See Brian Patrick Hopson v. State, No. CR-17-1155, 2019 WL 1593191, at

*9.  On direct appeal of his convictions, the defendant argued that his dual convictions violated double jeopardy principles, and the Alabama Court of Criminal Appeals agreed, explaining as follows:

> [S]ubsections (a) and (b) of § 13A-10-52, Ala. Code 1975, describe the unlawful conduct.  The plain language of subsection (b) of the statute -- under which Hopson was charged -- proscribes the conduct of attempting to elude by motor vehicle a law-enforcement officer after having received a signal from the officer to bring the vehicle to a stop.  Subsection (c) sets forth the punishments for a violation of the statute.  The offense is classified as a misdemeanor unless the flight or eluding "causes an actual death or physical injury to innocent bystanders or third parties."  If a death or injury occurs, the offense is elevated to a Class C felony.  The intent of subsection (c) was not to alter the gravamen of the crime of attempting to elude, but rather to enhance the penalty for attempting to elude a law-enforcement officer when that act causes death or physical injury to an innocent bystander or third party.
>
> Furthermore, the offense of attempting to elude does not involve a victim per se.  This Court has recognized that double-jeopardy principles are not violated when multiple convictions involving multiple victims are obtained from one criminal transaction.  Examples of statutes that allow multiple prosecutions for multiple victims are generally the criminal-code provisions for assaultive offenses.  In assaultive offenses, this Court has held that the allowable unit of prosecution is each victim.
>
> Considering Alabama's statutory scheme, this Court sees no indication that the legislature intended to punish a person multiple times for attempting to elude because multiple persons were injured during the offense.  In criminalizing the conduct, the legislature has focused solely on the act of eluding; whether death or physical injury occurs to an innocent bystander or third party is relevant only in classifying the level of punishment such conduct would receive.  Thus, the plain language of the statute describes the "unit of prosecution" as the conduct of fleeing or attempting to elude.  The structure of the statute indicates that the legislature intended to limit the statute's "unit of prosecution" to the unlawful conduct set forth in subsection (a) and (b).  The unit of prosecution under the attempting-to-elude statute does not turn upon the number of persons killed or who suffered physical injury as a result of the offense.

Id. at *9-10 (citations omitted).

I agree with the reasoning of the Alabama Court of Criminal Appeals. In my view, the intent of Tennessee Code Annotated section 55-8-197 was to enhance the penalty for failure to yield the right of way when that act results in an accident resulting in serious bodily injury to or death of any person. Accordingly, I think our legislature intended that the unit of prosecution be the act of failure to yield the right of way, not the number of victims. I would hold under plain error that the Defendant's dual convictions violate double jeopardy principles and must merge.

_____
NORMA McGEE OGLE, JUDGE