**STATE of Tennessee, Appellee,**

v.

**Roger Dale LEWIS, Appellant.**

Supreme Court of Tennessee,
at Nashville.

Dec. 29, 1997.

Peter D. Heil, Nashville, for Appellant.

John Knox Walkup, Attorney General and Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Assistant Solicitor General, Nashville, Lawrence Ray Whitley, District Attorney General, C. Wayne Hyatt, Assistant District Attorney General, Gallatin, for Appellee.

## OPINION

BIRCH, Justice.

Roger Dale Lewis, the appellant, was convicted of five counts of aggravated arson.[1] He was sentenced to an effective thirty years in the Department of Correction. The Court

---

1. The aggravated arson statute, Tenn.Code Ann. § 39–14–302(a) (1991), provides:

 A person commits an offense who commits arson as defined in § 39–14–301 or § 39–14–303:

 (1) When one (1) or more persons are present therein; or

 (2) When any person, including firefighters and law enforcement officials, suffers serious bodily injury as a result of the fire or explosion.

 Tenn.Code Ann. § 39–14–301(a) (1991) provides:

 A person commits an offense who knowingly damages any structure by means of a fire or explosion:

 (1) Without the consent of all persons who have a possessory, proprietary or security interest therein; or

 (2) With intent to destroy or damage any structure to collect insurance for the damage or destruction or for any unlawful purpose.

of Criminal Appeals affirmed the trial court's judgment.[2]

We granted Lewis' application for review under Tenn. R.App. P. 11 and Tenn. R.Crim. P. 52(b) in order to determine whether the Double Jeopardy Clauses of the United States and Tennessee Constitutions bar multiple convictions for aggravated arson of a single structure containing several apartment units. Because we find that the word "structure," as used in Tenn.Code Ann. § 39–14–301 (1991), means the *entire* structure, and because Lewis burned a portion of a single structure in the course of one arsonous act, only one count of aggravated arson can successfully withstand double jeopardy scrutiny.

I

In the weeks preceding the fire, Lewis' tenancy in the Cheryl Apartments in Hendersonville had been terminated for nonpayment of rent, and he was preparing to vacate his apartment. Apparently, Lewis was angry because of the eviction, and he had threatened retaliation.

On June 5, 1992, at approximately 3 a.m., Lewis was observed in the Hendersonville area, and the property manager saw Lewis' car speeding out of the Cheryl Apartments parking lot shortly thereafter. At 3:34 a.m., a call was received by 911 reporting a fire at the Cheryl Apartments. When the firefighters arrived, the entire top floor of one apartment building was aflame. Although five of the eight apartments in the structure were destroyed, all the tenants were safely evacuated.

The fire, aided by an accelerant, started in Lewis' apartment. During an investigation conducted after the fire, investigators discovered a container in Lewis' car. Although empty when discovered, investigators determined that it had recently contained gasoline. After he was incarcerated, Lewis admitted to an inmate that he had started the fire. He was convicted of five counts of aggravated

arson—one count for each of the five apartments destroyed in the fire.

II

 The double jeopardy issue was not raised in the trial court and was given mere mention in Lewis' brief filed in the Court of Criminal Appeals. Nevertheless, we address the issue in order to correct an error of constitutional dimension and to prevent manifest injustice. Tenn. R.Crim. P. 52(b); *State v. Goins,* 705 S.W.2d 648, 650 (Tenn.1986). Because it is a question of law, our review is *de novo* with no presumption of correctness. *State v. Davis,* 940 S.W.2d 558, 561 (Tenn. 1997).

 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." Article 1, § 10 of the Tennessee Constitution provides that "no person shall, for the same offence, be twice put in jeopardy of life or limb." As we have stated many times, three fundamental principles underlie double jeopardy: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. *State v. Denton,* 938 S.W.2d 373, 378 (Tenn.1996) (citing, among others, *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969)).

 The instant case falls into the third category, multiple punishments for the same offense. The question is whether a single act of arson that leads to the destruction of five apartments within one building constitutes one offense or five offenses under the arson statutes. If but a single offense, then clearly the punishment for all but one offense violates the double jeopardy clauses of the United States and Tennessee Constitutions.

**2.** Lewis appealed the following issues in the Court of Criminal Appeals: (1) whether the evidence was sufficient to support the conviction; (2) whether improper "special consideration" was given to a state witness; (3) whether he was denied due process because of the unavailability of an alibi witness during trial; and (4) whether the trial court erred in giving him consecutive sentences.

To resolve this question, it is necessary to delve into the intent of the legislature. When multiple sentences are imposed in a single trial, double jeopardy protection "is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). If the legislature intended, in the enactment of the statutes here involved, that the arson of each apartment be a separate violation, then double jeopardy principles would not prohibit a conviction for each apartment destroyed. If, on the other hand, the legislature did not intend to make the arson of each apartment a separate violation, multiple conviction would be unconstitutional under the circumstances of this case.

The intent of the legislature may be discerned by looking to "the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." *Mascari v. Raines,* 220 Tenn. 234, 239, 415 S.W.2d 874, 876 (1967). As for criminal offenses in Tennessee, statutes are to be construed "according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn.Code Ann. § 39–11–104 (1991); *see State v. Horton,* 880 S.W.2d 732, 734–35 (Tenn.Crim.App.1994).

A workable analysis for determining whether the legislature intended particular conduct to constitute more than one violation of a single statute is found in *State v. Davis,* 654 S.W.2d 688 (Tenn.Crim.App.1983). The legislature has the power to create multiple "units of prosecution" within a single statutory offense, but it must do so clearly and without ambiguity. Should the legislature fail in this duty, the ambiguity will be resolved in favor of lenity. *Id.* at 696 (quoting *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955)).

In *Davis,* the court held that one sale by one person of six obscene materials could support a conviction for only one offense, not six separate offenses. Because the legislature did not clearly fix a punishment for the sale of *each* obscene item within a single transaction, the doubt was resolved in favor of a single offense. *Davis,* 654 S.W.2d at 699.

Lewis insists that under the foregoing analysis, all five aggravated arson convictions cannot stand. He asserts that the appropriate unit of prosecution for both arson and aggravated arson is "damage to any structure," not damage to any apartment within a structure. The legislature, he argues, had no intent to punish for the arson of each apartment in a multi-apartment structure.

The State concedes the merit of Lewis' argument. As the State explained in its brief, the legislature failed to define "structure" in the arson statutes, even though the legislature specifically subdivided "structure" for purposes of the burglary statutes [3] and the slum clearance and redevelopment statutes.[4] The legislature's express recognition that "structure" can also mean the component parts of a building, coupled with the absence of any such definition in the arson statutes, indicates an intent to make the term "structure" indivisible for purposes of the arson statutes. When one statute contains a given provision, the omission of the same provision from a similar statute is significant to show that a different intention existed. *Id.*

The State suggests that we should resolve the doubt in favor of a single arson offense as opposed to multiple offenses in this case. This we are pleased to do. Accordingly, the judgment of conviction imposed on counts two through five inclusive are, for the reasons above-stated, reversed and the sentences thereupon imposed vacated. This resolution leaves the conviction on count one

---

3. Tenn.Code Ann. § 39–14–401(1) (1991) defines "habitation" as "any structure," including "each separately secured or occupied portion of the structure...."

4. Tenn.Code Ann. § 13–21–101(1) (1992) defines "dwelling" as "any building or structure, or part thereof...."

intact and removes the necessity to address the issue of consecutive sentencing.

Finally, because Lewis was convicted as a standard offender, his sentence for each count of aggravated arson, a Class A felony, is within "Range I": not less than fifteen nor more than twenty-five years. Tenn.Code Ann. §§ 40–35–105 and –112(a)(1) (1990). The trial court imposed the minimum sentence, fifteen years, on each count but found that the circumstances warranted consecutive sentencing on some counts. In light of the fact that there is now one count instead of five, the trial court may wish to reconsider its findings with respect to the application of mitigating factors and enhancing factors. Accordingly, the sentence imposed on the remaining count is also vacated, and the cause is remanded for a new sentencing hearing.

Costs of this cause are taxed against the State, for which execution may issue if necessary.

ANDERSON, C.J., and DROWOTA, REID and HOLDER, JJ., concur.