IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

October 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM EARL MURPHY, | ) | C.C.A. No. 02C01-9712-CC-00473 |
| Appellant, | ) | |
| | ) | Madison County |
| v. | ) | |
| | ) | Honorable Franklin Murchison, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

Marcus M. Reaves
313 East Lafayette
Jackson, TN 38301

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37234-0493

James G. Woodall
District Attorney General
225 Martin Luther King Drive
Jackson, TN 38302

Alfred L. Earls
Assistant District Attorney General
225 Martin Luther King Drive
Jackson, TN 38302

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, William Earl Murphy, referred herein as the petitioner, appeals as of right from an order of the Madison County Circuit Court dismissing his *pro se* petition for post-conviction relief without an evidentiary hearing. The trial court dismissed the petition for failure to state a claim for which relief could be granted in that the petition did not allege facts showing the petitioner had been subjected to double jeopardy. After an appropriate review of the entire record, briefs of all parties, and the appropriate law, the trial court's judgment is affirmed.

On February 3, 1994, the Jackson City Court issued an arrest warrant for the petitioner for the offense of aggravated robbery committed on February 1, 1994 in Madison County. The petitioner was arrested pursuant to a revocation warrant for violation of parole of a twelve-year sentence imposed in 1989. In June, 1994, the Madison County Sheriff's Department recalled a detainer from the Department of Correction placed against the petitioner. In August, 1994, the petitioner was indicted by the Madison County grand jury for the offense of aggravated robbery and in June, 1995 for failure to appear. The Department of Correction released the petitioner in September, 1994. On January 2, 1996, the petitioner pled guilty to the included offense of robbery, arising out of the aggravated robbery charge, and to failure to appear.

The petitioner contends he was twice placed in double jeopardy. He argues the first occurrence took place when the City Court of Jackson issued an arrest warrant for aggravated robbery which in turn triggered the Department of Correction to obtain a warrant for parole violations on the same offense. Thus, the incarceration of the petitioner was punishment. Second, the petitioner contends he was placed in jeopardy when the Madison County grand jury indicted him for aggravated robbery. The State moved to dismiss the petition on the basis the claim of double jeopardy was not a valid ground for relief. The trial court dismissed the petition on the grounds the petitioner was not placed in double jeopardy neither by the City Court on the felony warrant as the City Court has no jurisdiction to try a felony nor by the administrative actions of the Board of Paroles.

2

We agree with the trial court's judgment that the petition does not present a claim for which relief can be granted. The petitioner was represented by counsel at the time of the entry of his guilty pleas to the offenses of robbery and failure to appear. Therefore, if there was a legal question as to the petitioner's double jeopardy status, the opportunity was ripe. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ." The Tennessee Constitution has the same provision. Three fundamental principles underlie double jeopardy: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. *State v. Lewis,* 958 S.W.2d 736, 738 (Tenn. 1997).

We hold the petitioner waived any complaints of double jeopardy by not presenting this issue to the trial court. Tenn. Code Ann. § 40-30-206(g) provides:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented (exceptions omitted).

The trial court's judgment is affirmed.

 

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE