NOT FOR PUBLICATION
File Name: 08a0146n.06
Filed: March 14, 2008

NO. 05-5661

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROGER DALE LEWIS,

        Petitioner-Appellant,

                                     ON APPEAL FROM THE

v.                                  UNITED STATES DISTRICT
                                       COURT FOR THE MIDDLE

STATE OF TENNESSEE,             DISTRICT OF TENNESSEE

        Respondent-Appellee.

_____/

BEFORE:    SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.**  Roger Dale Lewis appeals from the order of the district

court granting the Respondent, State of Tennessee's motion to dismiss his habeas petition. This

Court granted a certificate of appealability on two issues: (1) whether the State failed to turn over

material exculpatory evidence concerning its key witness, Ernest Bishop; and (2) whether the State

knowingly allowed Bishop to commit perjury without taking steps to correct the false testimony.

We AFFIRM.

**I. Background**

        Lewis was convicted of arson in state court in 1993. The key witness at his trial was Ernest

Bishop, a so-called "jailhouse snitch." Prior to trial, Petitioner's trial counsel submitted a discovery

request for "any and all evidence in possession of the State or in possession of any governmental

agency that might be termed favorable," including, but not limited to, evidence "to impeach the

credibility of any witness the government intends to call." The request specifically cited *Brady v. Maryland*, 373 U.S. 83 (1963). The motion also requested discovery regarding any agreement, promise or understanding between the State and any of its witnesses, citing *Giglio v. United States*, 405 U.S. 150 (1972). The state prosecutor responded to the discovery motion, but he did not provide a copy of Bishop's National Crime Information Center (NCIC) report, which details charges dating back to 1961, including attempted rape, breaking and entering, and theft, as well as the use of numerous aliases.

At trial Bishop was asked during cross examination if he had been convicted of any felony in the last ten years. Bishop replied: "I don't think so. I'm not sure." Bishop acknowledged that he was awaiting extradition to Texas on a sexual assault charge. Defense counsel also asked whether he had ever worked for the police "before in the past, given them information that's helped you out in some of the sentencing, some of the things you don't remember you did?" Bishop said that he had not.

Petitioner was convicted on five counts of aggravated arson, and sentenced to a term of thirty years. The conviction and sentence were affirmed on direct appeal to the Tennessee Court of Criminal Appeals. *See State v. Lewis*, No. 01C01-9494-CR-00135, 1995 WL 10510 (Tenn. Crim. App. Jan. 12, 1995). On December 29, 1997, the Tennessee Supreme Court reversed four of Petitioner's aggravated arson convictions as barred by double jeopardy and remanded the case for resentencing on the remaining conviction. *State v. Lewis*, 958 S.W.2d 736 (Tenn. 1997). On remand, the trial court sentenced Petitioner to twenty-one years in prison. That sentence was affirmed. *See State v. Lewis*, No. M1998-00543-CCA-R3CD, 1999 WL 1296005 (Tenn. Crim. App. Dec. 30, 1999); *State v. Lewis*, 44 S.W.3d 501 (Tenn. 2001).

2

In post-conviction proceedings, Petitioner argued that he had been denied *Brady* material, namely Bishop's NCIC report and Bishop's reputation as a "jailhouse snitch." Petitioner also argued that the State failed in its duty to correct Bishop's perjured testimony concerning deals made with the State in return for his testimony in Petitioner's trial. The post-conviction court denied the petition and the Tennessee Court of Criminal Appeals affirmed the post-conviction court's disposition. *See State v. Lewis*, No. M2002-02439-CCA-R3-PC, 2003 WL 22438526 (Tenn. Crim. App. Oct. 28, 2003). Petitioner did not seek leave to appeal to the Tennessee Supreme Court.

On March 2, 2004, Petitioner filed *pro se* this habeas action. On March 25, 2005, the district court denied Petitioner's habeas petition, but granted a partial certificate of appealability regarding his *Brady* and prosecutorial misconduct claims. Petitioner filed a timely *pro se* notice of appeal, and a *pro se* brief, whereafter this Court appointed counsel to file a supplemental brief.

## II. Analysis

Petitioner's appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a writ will not be granted unless the state adjudication on the merits resulted in a decision that either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-5 (2000). However, if the state court did not rule on an issue, our review is de novo. *Morales v. Mitchell*, 507 F.3d 916, 929 (6th Cir. 2007).

3

The state courts' factual findings are presumed correct unless proven to the contrary by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). We review the district court's ultimate denial of habeas relief de novo. *Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir. 2000).

## A. Brady Claim

Petitioner argues that the State suppressed material evidence regarding its key witness' criminal record and reputation as a "jailhouse snitch" in violation of *Brady*, and that the state court's decision that the impeachment evidence was not material is an unreasonable application of clearly established federal law.

As noted, the Tennessee Court of Criminal Appeals held that Petitioner failed to establish a *Brady* violation because the alleged impeachment evidence was not material, and did not decide whether the evidence otherwise satisfied the *Brady* test. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (noting that to establish a *Brady* claim, a defendant must prove that the evidence was (1) favorable to the accused, (2) suppressed by the state, and (3) material). Thus, in ascertaining whether the State's conduct met the other facets of the *Brady* test, our review is de novo. *See Morales*, 507 F.3d at 929.

This Court's recent decision in *Bell v. Bell*, 512 F.3d 223 (6th Cir. 2008) (en banc), answers that question. There we held that the state's failure to turn over the sentencing records of a government witness was not a *Brady* violation because those records were publicly available and the petitioner could have obtained them. *Id.* at 235. As was the case in *Bell*, Bishop's testimony derived from evidence he acquired while in prison with Petitioner, and Bishop further acknowledged on cross-examination that he was subject to extradition to Texas. Petitioner therefore "easily could have pursued any pending charges against [Bishop] and their disposition." *Id.* Thus, because the

4

factual basis for Petitioner's claim was easily available from another source, the government was under no duty to supply that information to Petitioner. *See id.* (and citations therein).

**B. Prosecutorial Misconduct**

Petitioner also claims that Bishop testified falsely and that the State failed to correct that perjured testimony. Petitioner's assertion is based on Bishop's negative response to the question of whether he had ever worked for the police in the past or received some consideration in sentencing.

First, he contends that Bishop received a reduced sentence on a theft charge in return for his testimony against him. On direct appeal Petitioner asserted a claim that Bishop received special treatment in exchange for his testimony. The Tennessee Court of Criminal Appeals held that Petitioner's arguments were "not supported by fact or legal authority," and that there were "no citations to authority to support his argument in his brief." *Lewis*, 1995 WL 10510, at \*3. Thus, the court ruled that Petitioner had waived the issue, citing Rule 10(b) of the Rules of the Tennessee Court of Criminal Appeals. *See Lewis*,1995 WL 10510, at \*3.

Petitioner reasserted the latter claim in his post-conviction request for relief as a predicate for the prosecutorial misconduct claim. The Court of Criminal Appeals held that the issue had been waived on direct review because "petitioner could have introduced the pleadings related to Bishop's plea agreement and sentencing" as well as "subpoena[ing] members of the prosecution team regarding any promises made to Bishop." *Lewis*, 2003 WL 22438526, at \* 12. Thus, the trial court's ruling was "final," *id.,* and therefore "previously determined by the original trial court" after a "full and fair hearing," *id.* (citing Tenn. Code Ann. § 40-30-206(h)), and thus "not subject to further review by this court." *Id.* The Court of Criminal Appeals ruled in the alternative that the claim failed on the merits. *Id*. at 12-13.

5

The district court reviewed the claim on the merits. However, this was error because the district court incorrectly determined that the Tennessee Court of Criminal Appeals' decision did not rely solely on the state procedural bar. The merits review by the Court of Criminal Appeals was an alternative holding. *See id.* at 12 (stating that "[e]ven if this issue were properly before us, . . . we would reject it . . ."). "An alternative holding in which a state procedural bar is a sufficient basis for the state court's judgment is adequate to preclude a claim from being raised on habeas review, even when the state court also relies on federal law." *Simpson v. Jones*, 238 F.3d 399, 408-09 (6th Cir. 2000); *see also Michigan v. Long*, 463 U.S. 1032, 1041 (1983) (stating, in the context of a direct appeal, that "[i]f the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, we, of course, will not undertake to review the decision"); *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (applying *Long* rule to habeas claims, stating that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding"; further noting that "[b]y its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law"). In short, because the Tennessee Court of Criminal Appeals relied on the direct appeal determination that the claim was waived, federal review of this claim is barred. *See Alley v. Bell*, 307 F.3d 380, 388-89 (6th Cir. 2002).

Petitioner's assertion that Bishop worked for the police in the past was also not supported by the evidence. Petitioner supported this perjury allegation with a 1994 federal appellate decision in which Bishop was described as a government witness, *see United States v. Johnson*, 16 F.3d 1222 (6th Cir. 1994) (unpublished per curiam). The Tennessee Court of Criminal Appeals found no

6

evidence in the record or in the *Johnson* opinion to support the claim. *Lewis*, 2003 WL 22438526, at *10.[1] As the district court noted, the *Johnson* opinion identifies Bishop as a government witness, but does not otherwise explain his relationship with the government. In short, as the district court found, the state court of appeals' ruling was not contrary to federal law or an unreasonable determination of the facts.

### III. Conclusion

The judgment of the district court is **AFFIRMED.**

---

[1]The Tennessee Court of Criminal Appeals did not alternatively rule that this claim was procedurally defaulted. *See Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, the federal court may conduct habeas review). Furthermore, the state does not contend on appeal that this issue is procedurally defaulted. *See id.*