# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 2000 SESSION



**FILED**

**March 9, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **WILLIAM LEWIS HOWELL,** | ) | **NO. E1999-01502-CCA-R3-PC** |
| Appellant, | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. MARY BETH LEIBOWITZ,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**LESLIE M. JEFFRESS**
P. O. Box 2664
Knoxville, TN  37901

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**R. STEPHEN JOBE**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**CHARME J. KNIGHT**
Assistant District Attorney General
400 Main Street
P. O. Box 1468
Knoxville, TN  37901-1468

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

# **O P I N I O N**

Petitioner, William Lewis Howell, appeals as of right the Knox County Criminal Court's dismissal of his petition for post-conviction relief. The sole issue for review is whether petitioner was deprived of the effective assistance of counsel with regard to his 30-year sentence for his 1986 conviction for aggravated sexual battery. After careful review, we **AFFIRM** the dismissal of the petition.

## **PROCEDURAL HISTORY**

Petitioner was convicted of aggravated sexual battery in 1986, was classified as a Range II especially aggravated offender, and received a sentence of 30 years. *See* Tenn. Code Ann. § 40-35-107 (1982). The conviction and sentence were affirmed by this Court on direct appeal. State v. William Howell, C.C.A. No. 1113, Knox County (Tenn. Crim. App. filed June 30, 1987, at Knoxville). Petitioner sought post-conviction relief. After two summary dismissals by the trial court and two remands from this Court, this matter was heard on the merits in January 1999.[1] Following the hearing, the trial court dismissed the petition.

## **FACTUAL BACKGROUND**

The relevant facts are undisputed. At the time of commission of the instant aggravated sexual battery, petitioner was on bail for theft of an automobile. Prior to his conviction and sentence for aggravated sexual battery, petitioner entered into a plea agreement in 1985 in the automobile theft case whereby he pled guilty to the lesser-included felony offense of joyriding. *See* Tenn. Code Ann. § 55-5-104.[2]

---

[1]The summary dismissals were ordered by Judge Ray L. Jenkins. Judge Mary Beth Leibowitz conducted the hearing on the merits.

[2]Petitioner was sentenced for joyriding in 1985. At that time joyriding was a felony. The Sentencing Act of 1989, not relevant here, provides that the unauthorized use of an automobile is a Class A misdemeanor. *See* Tenn. Code Ann. § 39-14-106.

When petitioner was sentenced for aggravated sexual battery in 1986, he was deemed an especially aggravated offender based upon the trial court's finding that the sexual offense was committed while the defendant was on bail for a prior felony and was "ultimately convicted of such prior felony." *See* Tenn. Code Ann. § 40-35-107(3)(A)(1982) (repealed and reenacted 1989).[3]

Trial counsel did not raise any sentencing issues on direct appeal. Petitioner now claims his trial counsel was ineffective for failing to argue that his conviction for the lesser-included felony offense of joyriding was different from the original charge of automobile theft; therefore, he contends it could not serve as the basis for the especially aggravated offender status. We respectfully disagree.

## ANALYSIS

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In order to address the issue of ineffective assistance of counsel, we must interpret Tenn. Code Ann. § 40-35-107(3)(A)(1982) which defined an "especially aggravated offense" as:

> (3) A felony committed while on any of the following forms of release status if such release is from a prior felony conviction:

---

[3]As noted *infra*, this same language appears in the 1989 Sentencing Act as an enhancement factor. *See* Tenn. Code Ann. § 40-35-114(13)(A)(1997).

(A) Bail, if the defendant is ultimately convicted of such prior felony ...

It is undisputed that petitioner was on bail for automobile theft when the instant offense was committed. It is further undisputed that prior to the instant conviction and sentence, he pled guilty to the lesser-included felony offense of joyriding and not automobile theft. Thus, the issue is whether a lesser-included felony offense is encompassed within "such prior felony" as used in the statute. For criminal offenses, a statute should be construed according to the fair import of their terms in order to promote justice and to effect the objectives of the criminal code. State v. Lewis, 958 S.W.2d 736, 739 (Tenn. 1997).

Although the 1989 Sentencing Act no longer recognizes an especially aggravated offense, much of the language of the former especially aggravated offense statute, Tenn. Code Ann. § 40-35-107(1982), now appears under the enhancement factors section of the present code. *See* Tenn. Code Ann. § 40-35-114 (1997). In fact, Tenn. Code Ann. § 40-35-114 (13)(A)(1997) uses the exact language utilized in former Tenn. Code Ann. § 40-35-107(3)(A)(1982). This Court has applied this enhancement factor under the 1989 Act where the defendant was on bail for aggravated assault and was ultimately convicted of felony reckless endangerment. *See* State v. Larry Michael Williams, C.C.A. No. 02C01-9201-CC-00010, Carroll County (Tenn. Crim. App. filed July 1, 1992, at Jackson).

We are of the opinion that a person on bail for a felony offense, who committed another felony, was an especially aggravated offender under Tenn. Code Ann. § 40-35-107(3)(A)(1982); provided that person was ultimately convicted of that specific prior felony or a lesser-included felony offense. The emphasis of the statute is upon the prior felony conviction, not a specific felony.

4

## CONCLUSION

We conclude that counsel was not ineffective for failing to raise this sentencing issue since petitioner would not have prevailed on the issue. Concluding that petitioner has failed to establish prejudice as a result of counsel's performance, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**THOMAS T. WOODALL, JUDGE**

_____
**JAMES CURWOOD WITT, JR., JUDGE**