IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2021 Session

## E SOLUTIONS FOR BUILDINGS, LLC v. KNESTRICK CONTRACTORS, INC., ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 15-0062-IV     Russell T. Perkins, Chancellor**

———————————————————

**No. M2020-01189-COA-R3-CV**

———————————————————

This is the third appeal in a dispute among a general contractor, a subcontractor, and an equipment supplier. Each party blamed the others for delays in a construction project. After the first appeal was dismissed for lack of a final judgment, the trial court held each party partially responsible for the delays and partially responsible for liquidated damages assessed by the owner. In the second appeal, this court modified the judgment in part, reversed it in part, and remanded for further proceedings. On remand, the subcontractor sought to recover from the general contractor discretionary costs of $10,962.42, attorneys' fees of $220,724.53 under the Prompt Pay Act of 1991, Tenn. Code Ann. §§ 66-34-101 to -704, and "[a]dditional charges." The trial court awarded some of the requested fees but excluded $100,350 of attorneys' fees attributed to legal services rendered during the first and second appeal because the subcontractor's request for appellate attorneys' fees was untimely, *i.e.*, the relief had not been requested in the pleadings in the prior appeals. The trial court also denied $29,685 in fees incurred in the trial court proceedings for legal services that were "unrelated to [the general contractor]." The trial court also found the subcontractor was not entitled to recover the "[a]dditional charges" because the remand from the Court of Appeals did not authorize such expenses. This appeal followed. The principal issues in this appeal concern the subcontractor's claims for attorneys' fees and additional expenses and whether the general contractor's surety is secondarily liable for one of the judgments. Finding no error, we affirm the trial court's judgment in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Paul Toby Housch, Nashville, Tennessee, for the appellant, Air Comfort Heating and Cooling, LLC.

Griffin S. Dunham, Nashville, Tennessee, for the appellees, Berkley Regional Insurance Company and Knestrick Contractor, Inc.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In 2013, the Metropolitan Government of Nashville and Davidson County ("Metro") contracted with Knestrick Contractor, LLC ("Knestrick") to expand the Centennial Sportsplex. Knestrick provided a payment and performance bond for the project with Berkley Regional Insurance Company ("Berkley") as surety. Knestrick then entered into a subcontractor agreement with Air Comfort Heating and Cooling, LLC ("Air Comfort"). Air Comfort then entered into an agreement with E Solutions for Buildings, LLC ("E Solutions") for the purchase of equipment it was to provide and install.

Because construction was not completed until five months after the original deadline, Metro assessed some $100,000 in liquidated damages against Knestrick. In turn, Knestrick assessed $72,000 in liquidated damages against Air Comfort and withheld a final payment of $85,960.50. Air Comfort then withheld a final payment of $52,847.98 from E Solutions.[1]

### I. TRIAL PROCEEDINGS

In early 2015, E Solutions filed a breach of contract action against Air Comfort and a bond claim against Knestrick and Berkley. Air Comfort asserted cross-claims against Knestrick for breach of contract and violation of the Prompt Pay Act of 1991, Tenn. Code Ann. §§ 66-34-101 to -704 ("the PPA"). Like E Solutions, Air Comfort also asserted a bond claim against Knestrick and Berkley. Knestrick and Berkley generally denied liability and contended that the other parties had been paid all they were owed.

After a bench trial, the court found that each party was responsible for a portion of the delay and a portion of the liquidated damages. The court awarded E Solutions $42,848.98 against Air Comfort, and it awarded Air Comfort $15,000 against Knestrick. The court ruled that Berkley was not liable for the judgment against Knestrick unless Knestrick failed to pay, and it denied Air Comfort's request for an award of attorneys' fees and discretionary costs.

---

[1] Our discussion of the facts and procedural history is limited to the issues presented in this appeal. A more complete discussion of the facts and procedural history can be found in our prior opinions. *See E Sols. for Buildings, LLC v. Knestrick Contractor, Inc. (E Solutions I)*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116 (Tenn. Ct. App. Apr. 17, 2018); *E Sols. for Buildings, LLC v. Knestrick Contractor, Inc. (E-Solutions II)*, No. M2018-02028-COA-R3-CV, 2019 WL 5607473 (Tenn. Ct. App. Oct. 30, 2019).

## II. THE SECOND APPEAL

In the second appeal, we found Knestrick was ineligible for liquidated damages because it was partially at fault for the project delay. *See E Solutions II*, 2019 WL 5607473, at *9 (citing *V. L. Nicholson Co. v. Transcon Inv. & Fin. Ltd., Inc.*, 595 S.W.2d 474, 484 (Tenn. 1980)). We also concluded that Air Comfort was entitled to full payment of the $85,960.50 owed under the subcontract. *Id*. We further found that Knestrick acted in bad faith under the PPA by withholding more than the disputed $72,000. *Id*. at *10. Thus, we concluded that Air Comfort was eligible for an award of attorney's fees under the PPA[2], *id*., and an award of discretionary costs under Tenn. R. Civ. P. 54.04, *id*. at *11. We then remanded the case with directions to, *inter alia*, "reconsider Air Comfort's request for attorney's fees," and "if a new motion for discretionary costs [was] timely filed by Air Comfort, . . . to consider that issue as well." *Id*. at *14.

## III. PROCEEDINGS ON REMAND

On remand, Air Comfort filed a Motion for Award of Discretionary Costs and a Motion for Award of Attorney's Fees. Specifically, Air Comfort sought to recover discretionary costs of $10,962.42 for court reporter expenses under Tenn. R. Civ. P. 54.04 and $220,724.53 for professional services and "[a]dditional charges" under the PPA.

After a hearing, the trial court found Air Comfort was entitled to the full amount of requested discretionary costs as well as some, but not all, of the attorneys' fees it sought to recover from Knestrick. The trial court excluded $100,350 attributed to legal services rendered during the first and second appeal and $29,685 in attorneys' fees incurred in the trial court for services "unrelated to Knestrick." The court reasoned that Air Comfort's request for appellate attorneys' fees was untimely. And while the "rates and time expended were reasonable and complied . . . with the requirements of RPC 1.5," the court found an award of fees against Knestrick for time spent on matters unrelated to Knestrick would be inequitable. The trial court also found "that Knestrick should [not] be responsible for" some $7,000 in "[a]dditional charges," because the remand from the Court of Appeals did not authorize an award for such expenses.

This appeal followed.

---

[2] Tennessee Code Annotated § 66-34-602 provides that where payment is not made after notice of nonpayment, the notifying party may seek relief in chancery court, where "[r]easonable attorney's fees may be awarded against the nonprevailing party if the nonprevailing party acted in bad faith." *Id.* § 602(a)(3), (d).

## ISSUES

Air Comfort raises eight issues on appeal, which we consolidate and restate as follows:

I. Whether the trial court erred in declining to award $100,350 of attorneys' fees Air Comfort incurred in the first and second appeal.

II. Whether the trial court erred in declining to award $29,685 of attorneys' fees Air Comfort incurred in the trial court for matters "unrelated to Knestrick."

III. Whether the trial court erred in declining to award Air Comfort $7,889.53 in "[a]dditional costs," also referred to as "out-of-pocket expenses."

IV. Whether the trial court erred by not specifically ruling that Air Comfort could recover the modified judgment against Knestrick from its surety, Berkley.

In addition, Air Comfort and Knestrick seek to recover attorneys' fees incurred in this appeal.

## STANDARD OF REVIEW

Attorney fees decisions are generally within the discretion of the trial court, *see Owens v. Owens*, 241 S.W.3d 478, 496 (Tenn. Ct. App. 2007), and discretionary decisions are reviewed under the "abuse of discretion" standard, *see Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). The abuse of discretion standard does not allow reviewing courts to substitute their discretion for that of the trial court. *Id*. Still, the abuse of discretion standard does not immunize a lower court's decision from any meaningful appellate scrutiny:

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.
>
> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and

(3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a [trial] court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524–25 (citations omitted).

**ANALYSIS**

I. ATTORNEYS' FEES INCURRED IN THE FIRST AND SECOND APPEAL

In the second appeal, we ruled that Knestrick acted in bad faith under the PPA by withholding more than the disputed $72,000 from Air Comfort and, therefore, Air Comfort was eligible for an award of attorney fees under the PPA. *See E Solutions II*, 2019 WL 5607473, at *10. Accordingly, we remanded the case with directions for the trial court to "reconsider Air Comfort's request for attorney's fees." *Id*. at *14.

On remand, Air Comfort sought to recover from Knestrick, *inter alia*, $100,350 of attorneys' fees it incurred in the first and second appeal. The trial court denied the request in its entirety, reasoning that Air Comfort's request to recover its appellate attorneys' fees was untimely because it failed to request them in the first or second appeal. Air Comfort contends this was error.

Air Comfort relies on the PPA in asserting that it is entitled to recover its attorneys' fees from Knestrick. The PPA allows for an award of "[r]easonable attorney's fees . . . against the nonprevailing party if the nonprevailing party acted in bad faith." Tenn. Code Ann. § 66-34-602(d). This provision includes the award of appellate attorney fees, "**provided that the appellant has requested such fees in appellate pleadings**." *Beacon4, LLC v. I & L Investments, LLC*, 514 S.W.3d 153, 212 (Tenn. Ct. App. 2016) (emphasis added), *overruled on other grounds by In re Mattie L.*, 618 S.W.3d 335 (Tenn. 2021). Our ruling in *Beacon4* was based on the Tennessee Supreme Court's decision in *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406 (Tenn. 2006).

In *Killingsworth*, the Court held that the plaintiffs were "not entitled to their appellate attorney's fees because they failed to request them in their appellate pleadings." *Id*. at 411. The Court explained that the "rules of appellate procedure require an appellant to set forth in his or her brief '[a] statement of the issues presented for review.'" *Id*. at 410 (quoting Tenn. R. App. P. 27(a)(4)). Thus, "when a party is seeking attorney fees incurred on an appeal, that request, absent any statute or rule directing otherwise, must be directed first to the appellate court in a timely fashion." *Id*.

Here, Air Comfort did not include in its statement of the issues presented for review, or elsewhere in its appellate briefs, a request to recover the attorneys' fees it incurred in the first or second appeal. Because Air Comfort failed to request them in its appellate pleadings in either appeal, it was not entitled to recover its appellate attorney's fees in the first or second appeal. *See Killingsworth*, 205 S.W.3d at 411. Moreover, this claim exceeded the scope of our remand mandate. *See Cook v. McCullough*, 735 S.W.2d 464, 470 (Tenn. Ct. App. 1987) (recognizing that a party may not seek relief outside the limits placed on remand). Accordingly, we affirm the trial court's denial of Air Comfort's request to recover the attorneys' fees it incurred in the first and second appeals.

## II. ATTORNEYS' FEES INCURRED IN THE TRIAL COURT

Air Comfort also sought to recover from Knestrick an additional $29,685 of attorneys' fees it incurred in the trial court defending E Solutions' claims. The trial court denied the request holding that the attorneys' services were spent on matters "unrelated to Knestrick." Air Comfort contends this was error, arguing it was entitled to an award against Knestrick for all of its trial attorney's fees because all the claims "were closely intertwined and based on a common core of facts." We respectfully disagree.

Tennessee and federal courts have recognized that "if a plaintiff's unmeritorious and meritorious claims 'arise out of a common core of facts, and involve related legal theories, a court should not exempt from its [attorneys'] fee award the hours spent on the claims that did not succeed.'" *Green Party of Tennessee v. Hargett*, 791 F.3d 684, 697 (6th Cir. 2015) (quoting *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014)); *accord, e.g.*, *State Auto. Ins. Co. v. Jones Stone Co.*, No. M2009-00049-COA-R3-CV, 2009 WL 4841080, at *11 (Tenn. Ct. App. Dec. 15, 2009). In other words, the common-core doctrine is appropriate when "it would be difficult, if not impossible, to separate the time spent on the claims on which [the plaintiff] failed from the time spent on the successful claim." *Lowe v. Johnson Cty.*, No. 03A01-9309-CH-00321, 1995 WL 306166, at *6 (Tenn. Ct. App. May 19, 1995).

Nevertheless, the common-core doctrine does not *require* an award of all fees when the successful and unsuccessful claims involve different parties. *See Goree v. United Parcel Serv. Inc.*, No. W2016-01197-COA-R3-CV, 2017 WL 2398707, at *3 (Tenn. Ct. App. June 2, 2017) (finding common-core doctrine did not require defendant to pay fees incurred by two plaintiffs when one plaintiff was successful and the other was not). Stated another way, the common-core doctrine does not "extend a right to recover attorneys' fees to *any* claim that share a common core of facts with a claim that possessed a statutory right to recover fees, only those brought pursuant to the same statute." *State Auto. Ins. Co.*, 2009 WL 4841080, at *11 (emphasis in original).

Air Comfort succeeded on two of the three claims it asserted against Knestrick, and the trial court did not distinguish between time spent on the successful and unsuccessful claims or refuse to award Air Comfort fees for the legal services related to its claims against

Knestrick. More specifically and significantly, the trial court did not deny Air Comfort fees for legal services rendered on general trial matters involving both E Solutions and Air Comfort. Instead, the court denied Air Comfort fees for billing entries that Air Comfort's counsel described as involving only E Solutions.[3]

In the second appeal, we recognized that "E Solutions was not a party to Air Comfort's contract with Knestrick" and found the liquidated damages "were not in any way foreseeable or tied to a contractual basis in the [Air Comfort-E Solutions purchase agreement]." *E Solutions II*, 2019 WL 5607473, at *15. And none of the claims between Air Comfort and E Solutions involved the PPA—the statute that enabled Air Comfort to recover some of its attorneys' fees from Knestrick.

Accordingly, we affirm the trial court's decision not to assess against Knestrick the legal fees Air Comfort incurred in the trial court that only pertained to defending the claims asserted against it by E Solutions.

## III. SUFFICIENCY OF FINDINGS

Air Comfort also asserts that the trial court failed to make the requisite findings under Rule of Professional Conduct 1.5. We find this contention fails to recognize the relevant and specific findings the trial court made in deciding which fees to deny, which to approve, and the appropriateness of the hourly rate and aggregate legal fees requested by Air Comfort.

To begin with, we note the trial court found that "counsel for Air Comfort's hourly rates and time expended in the trial court were reasonable and complied in all respects with the requirements of RPC 1.5 of Rule 8 of the Supreme Court of Tennessee." Thus, this specific and relevant finding favored Air Comfort.

Next, we note that Air Comfort requested an award of attorney fees against Knestrick of $212,835. In support of its request, Air Comfort filed billing reports with itemized entries describing the work performed. Knestrick then filed a Notice of Calculation of Damages that identified and objected to entries related to E Solutions and the first two appeals. Specifically, Knestrick identified 197.9 hours related to E Solutions, representing $29,685 in fees, and 669 hours related to the first two appeals, representing $100,350 in fees. The trial court agreed with Knestrick and made the specific finding that these entries should not be included in the award.

Thus, the trial court made specific and relevant findings as to which services related to a claim for which Air Comfort could recover its legal fees, and the evidence does not preponderate against these findings. Moreover, the trial court found that the attorneys' fees

---

[3] For example, Air Comfort's counsel logged time for "[m]atters related to E Solutions['] complaint" and "[r]eview[ing] E Solutions' discovery requests."

Air Comfort incurred that related to these specific services were reasonable and necessary and that they complied with the requirements of RPC 1.5 of Rule 8 of the Supreme Court of Tennessee. Based on these findings of fact, the trial court awarded Air Comfort a judgment against Knestrick for $82,800. Finding no error, we affirm the award.

## IV. OUT-OF-POCKET EXPENSES

Air Comfort contends the trial court erred by excluding $7,889.53 in "[a]dditional costs" from its award of attorney fees, which it now refers to as "out-of-pocket expenses." They include copying costs, postage expenses, filing fees, state litigation tax, and court reporter fees.[4] The trial court declined to award these expenses because they "were not awarded by the Court of Appeals" in the remand mandate, and the trial court "d[id] not find, in its discretion, that Knestrick should be responsible for Air Comfort's requested expenses."

Air Comfort argues that "out-of-pocket expenses" are an appropriate component of "reasonable attorney's fees" under § 66-34-602 of the PPA. Air Comfort points out that we affirmed the award of "reasonable attorney's fees" and "out-of-pocket expenses" in *Beacon4*, 514 S.W.3d at 203–07. In *Beacon4*, however, the issue was whether the evidence supported the trial court's award—not whether "out-of-pocket expenses" were an appropriate component of "attorney's fees" under the PPA. *See id*. Thus, *Beacon4* is distinguishable.

At first blush, it would seem that Air Comfort should be able to recover the reasonable and necessary "expenses" incurred in rendering its legal services. This is because a number of statutes authorize the award of "reasonable attorneys' fees **and expenses**." *See, e.g.*, Tenn. Code Ann. § 67-1-1803(d) (emphasis added).[5] However, the statute Air Comfort relies upon does not mention "expenses" or "costs." Section 66-34-602(d), which it relies on, states that "[r]easonable attorney's fees may be awarded against the nonprevailing party if the nonprevailing party acted in bad faith." There is no reference to expenses.

---

[4] Knestrick suggests, without citing to the record, that some of the "[a]dditional costs" overlap the separately awarded discretionary costs. Although there is overlap in the type of expenses, *e.g.*, court reporter costs, our review has revealed no duplicate entries in the Motion for Award of Attorney's Fees and Motion for Award of Discretionary Costs.

[5] Other statutes specifically identify attorneys' fees as a component of expenses. *See, e.g.*, Tenn. Code Ann. § 43-38-1026(d) ("[T]he court may in its discretion award **reasonable expenses, including attorneys' fees** and disbursements, to any of the other parties." (emphasis added)). But unless expressly identified as such, "expenses" do not include attorneys' fees. *See Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 313 (Tenn. 2009).

This issue can be resolved by applying the legal presumption that "the legislature acted purposefully in the subject included or excluded." *State v. Welch*, 595 S.W.3d 615, 623 (Tenn. 2020) (quoting *State v. Loden*, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995)). Stated another way, "[w]hen one statute contains a given provision, the omission of the same provision from a similar statute is significant to show that a different intention existed." *State v. Frazier*, 558 S.W.3d 145, 153 (Tenn. 2018) (quoting *State v. Lewis*, 958 S.W.2d 736, 739 (Tenn. 1997)).

Based on the foregoing principles and realizing that § 66-34-602(d) does not expressly include "out-of-pocket expenses," we affirm the trial court's determination that Tenn. Code Ann. § 66-34-602 does not entitle Air Comfort to recover additional "out-of-pocket expenses" as part of its claim for attorneys' fees.

## V. JOINT AND SEVERAL LIABILITY FOR BERKLEY

Air Comfort contends the trial court erred by failing to expressly state that Berkley is jointly liable for the modified judgment against Knestrick. For its part, Berkley contends Air Comfort waived this issue by not raising it in the prior proceedings.

In the March 2017 judgment, the trial court held, "If Knestrick does not pay the judgment in favor of Air Comfort, then Berkley is liable on the bond to Air Comfort." No party appealed this aspect of the trial court's decision; therefore, we did not address Berkley's liability when we modified the judgment against Knestrick on appeal. As such, it was entirely appropriate for the trial court to not address the issue of Berkley's liability to Air Comfort on the bond if Knestrick did not pay the judgment in favor of Air Comfort. Stated another way, because none of the parties appealed the original ruling that Berkley would be liable on the bond for the judgment if Knestrick did not pay, that aspect of the decision became final and remains unchanged.

Nevertheless, Berkley now argues that its liability is limited to the original $15,000. Berkley cites the trial court's conclusion in March 2017 that this was "the full extent of the liability that Knestrick Contractors, Inc. (and potentially Berkley Regional Insurance Company) has in this case." We find this argument untenable. The trial court did not limit Berkley's liability to $15,000—the court found Berkley's potential liability was equal to that of Knestrick, which the trial court originally set at $15,000. We found the trial court erred in calculating Knestrick's liability and increased its liability to the amount owed under the subcontract, $85,960.50. Thus, there is no basis for limiting Berkley's potential liability to $15,000.

As a result, Berkley's liability to Air Comfort on the bond is $85,960.50 if and to the extent Knestrick does not pay the judgment in favor of Air Comfort.[6]

## VI. ATTORNEY FEES ON APPEAL

Both Air Comfort and Knestrick request awards of appellate attorneys' fees. Air Comfort seeks an award under § 66-34-602(d) of the PPA, and Knestrick seeks an award under its contract with Air Comfort.

When a party requests an award of appellate attorneys' fees, we may (1) deny the request; (2) grant the request and set the amount; (3) grant the request and remand to the trial court to set the amount; or (4) remand to the trial court for determining whether the award should be made and, if so, in what amount. *Killingsworth*, 205 S.W.3d at 411 n.2.

Generally, granting or denying the request is in the court's sole discretion unless the parties have an agreement that entitles one party to such an award. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 477–78 (Tenn. 2017). Otherwise, when determining whether to grant a request for appellate attorneys' fees, "we examine 'the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal . . . and any other equitable factor that need be considered.'" *Sample v. Sample*, 605 S.W.3d 629, 640 (Tenn. Ct. App. 2018) (quoting *Cain-Swope v. Swope*, 523 S.W.3d 79, 101–02 (Tenn. Ct. App. 2016)).

Contrary to Air Comfort's argument on appeal, Tenn. Code Ann. § 66-34-602(d) does not **entitle** Air Comfort to an award of fees. Under the statute, "[r]easonable attorney's fees **may** be awarded against the nonprevailing party if the nonprevailing party acted in bad faith." *Id.* (emphasis added). Significantly, Air Comfort has not prevailed on any of the issues on appeal. After considering this and other relevant factors, we deny Air Comfort's request for an award of appellate attorneys' fees.

On the other hand, the subcontract between Knestrick and Air Comfort entitles Knestrick to an award of fees "as damages" in "any lawsuit . . . brought to enforce [the] Agreement":

In any lawsuit or arbitration brought to enforce this Agreement, for breach of this Agreement or arising from this Agreement, [Knestrick] shall be

---

[6] E Solutions appealed a similar but separate ruling that E Solutions could not recover its judgment against Air Comfort from the bond "unless and until Air Comfort fails to pay the judgment it owes to E Solutions." We reversed this ruling in the second appeal, finding no basis for making E Solutions wait to collect on the bond. *See E Solutions II*, 2019 WL 5607473, at *16. Air Comfort did not raise a similar issue in the second appeal.

entitled to recovery of its attorney's fees, costs, and expenses as damages plus interest at 10% per annum. . . .

However, this provision is inapplicable because Knestrick did not prevail in the trial court; thus, it was not entitled to an award of damages against Air Comfort in the form of attorney's fees or otherwise. The issues involving Knestrick on appeal relate to Knestrick's liability under the PPA, not its subcontract with Air Comfort. Therefore, Knestrick is not entitled to an award of its appellate attorneys' fees.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Air Comfort Heating and Cooling, LLC.

_____
FRANK G. CLEMENT JR., P.J., M.S.